UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> $7,760.00 IN U.S. CURRENCY, ) <br> ) <br> Defendant. ) <br> ) | 2:05-cv-01083 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motion at Docket 28] |

## I.  MOTION PRESENTED

At docket 28, plaintiff United States of America moves the court for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Claimant Osma Galaviz[1] opposes the motion at docket 46.  Plaintiff replies at docket 47.  Oral argument was not requested and it would not assist the court.

## II.  BACKGROUND

This matter arises out of a traffic stop in Coconino County, Arizona.  On February 2, 2004, Officer Neve initiated a traffic stop of a truck driven by Osma Galaviz

---

[1]Claimant Osma Galaviz is also known as Ramon Martinez and Eidi Burciaga.  For purposes of this motion, the court will refer to claimant as Osma Galaviz.

after observing that the truck's windows appeared to have excessive window tint. Officer Neve issued a citation to Galaviz after determining that the window tint was darker than allowed under Arizona law and that Galaviz was driving without a valid license.

During the stop, Galaviz told Officer Neve that he was traveling with his girlfriend Christina Alvarado to visit his sister in Phoenix, Arizona, and that he was carrying money for gas and travel purposes. Galaviz consented to a search of his person and the truck. Officer Neve conducted a pat down of Galaviz for weapons and found $3,830.00 in U.S. currency in the pockets of Galaviz's pants. When Officer Neve asked Alvarado about the money, Alvarado stated that Galaviz might buy a car. While searching the vehicle, Officer Neve found a handgun in Alvarado's purse, which was open on the floorboard. Officer Neve placed Alvarado under arrest for carrying a concealed weapon.

Officer Lapre and a certified detection canine named Nino arrived to assist with the search of the vehicle. Officer Lapre placed the $3,830.00 in currency under the hood of the truck and directed Nino to search the exterior of the vehicle. Nino alerted to the odor of narcotics directly behind where the $3,830.00 was placed, as well as to a large duffle bag located in the bed of the truck. A search of the duffle bag produced $4,000.00 in U.S. currency contained in a sock. Of the total $7,830.00, Officer Neve returned $50.00 to Galaviz. On February 10, 2004, the seized currency was transported to Wells Fargo Bank, where the bank teller discovered that one of the $20 bills was counterfeit. The final count submitted for forfeiture was $7,760.00.

During the search of the truck, the officers found four cellular telephones. Galaviz claimed three of the phones with listed phone numbers. Investigators subsequently learned that one phone number was linked to a Drug Enforcement Administration ("DEA") investigation in Colorado Springs. An investigator in the Colorado Springs DEA office identified a photograph of Galaviz as Ramon Martinez. Investigators also forwarded a copy of fingerprints taken of Galaviz on February 2, 2004, which were identified as fingerprints belonging to Eidi Burciaga.

On April 11, 2005, plaintiff filed a verified complaint for forfeiture *in rem* of defendant $7,760.00 in U.S. currency. Plaintiff's complaint alleges that defendant currency "is and represents money furnished or intended to be furnished by any person in exchange for a controlled substance" and is therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6). [2] On April 19, 2005, plaintiff filed a notice of service of discovery on Osma Galaviz.[3] Plaintiff served Osma Galaviz with a summons and notice of complaint for forfeiture on May 6, 2005.[4] Galaviz filed a claim asserting his interest in this matter on May 19, 2005,[5] and a verified statement of interest in the defendant currency on June 9, 2005.[6]

---

[2] Doc. 1 at 1, 7, 8.

[3] Doc. 4.

[4] Doc. 11.

[5] Doc. 6.

[6] Doc. 10.

Plaintiff now requests summary judgment on the grounds that "there is not a genuine issue of material fact requiring a trial regarding the forfeiture of the defendant currency."[7]  Claimant opposes the motion.[8]

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show that material facts are not genuinely disputed.[9]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[10]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue of fact exists by presenting evidence indicating that certain facts are disputed so that a fact-finder must resolve the dispute at trial.[11]  The court views this evidence in the light most favorable to the nonmoving party and draws all justifiable inferences from it in favor of the nonmoving party.[12]

---

[7]Doc. 28 at 1.

[8]Doc. 46.

[9]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10]*Id.* at 325.

[11]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[12]*Id.* at 255; *Soldano v. United States*, 453 F.3d 1140, 1143 (9th Cir. 2006) (citation omitted).

## IV. DISCUSSION

"Summary judgment procedures must necessarily be construed in light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein."[13] Pursuant to 21 U.S.C. § 881(a)(6), "seized money is subject to forfeiture if it is '(1) furnished or intended to be furnished in exchange for a controlled substance; (2) traceable to such an exchange; or (3) used or intended to be used to facilitate a violation of federal drug laws."[14] "The government has the initial burden of establishing probable cause connecting the seized property with illegal drug transactions."[15] Probable cause is determined based on the aggregate of facts, including circumstantial facts.[16] If the government establishes probable cause, the burden shifts to claimant to prove, by a preponderance of the evidence, that the money was not connected with illegal drug activity.[17]

Plaintiff argues that the following facts demonstrate the existence of probable cause: 1) claimant was traveling to Phoenix, which allegedly is a known source city for drugs; 2) $3,800.00 was found on claimant's person and $4,000.00 was found in a large duffle bag in the truck driven by claimant; 3) a drug detection canine alerted to the currency found on claimant's person and to the duffle bag containing the rest of the

---

[13] *U.S. v. Currency, $42,500.00*, 283 F.3d 977, 979 (9th Cir. 2002).

[14] *Id.* at 979-980 (quoting *United States v. $191,910 in U.S. Currency*, 16 F.3d 1051, 1071 (9th Cir. 1994)).

[15] *Id.* at 980 (citing 19 U.S.C. § 1615 (2001)).

[16] *Id.*

[17] *Id.*

currency; 4) claimant has a history of trafficking drugs and using alias names; 5) claimant has "failed to provide any evidence in support of the legitimacy of the defendant funds;"[18] and, 6) claimant made several inconsistent statements to the investigating officer during the traffic stop.  Based on the above evidence, plaintiff contends that it "has established by a preponderance of the evidence that the seized currency was in fact connected to drugs, and the defendant traveled from Albuquerque, New Mexico to Phoenix, Arizona for the purpose of distribution."[19]

Plaintiff further argues that because claimant failed to respond to plaintiff's requests for admission, the requests for admission should be deemed admitted pursuant to Federal Rule of Civil Procedure 36, including the admissions that "defendant $7,760.00 in U.S. currency was used or intended to be used to purchase controlled substances" and that "defendant $7,760.00 in U.S. currency seized from [claimant] on February 2, 2004, was not part of an $8,000.00 loan alleged to have been made to [claimant] in April of 2004" and "was not intended to be used to purchase a vehicle."[20]

The court declines to deem the matters in plaintiff's requests for admission admitted because Rule 36 applies to parties, and plaintiff served its requests for admission before serving potential claimant Galaviz with a summons and notice of complaint for forfeiture and before Galaviz appeared in this matter by filing a verified

---

[18] Doc. 28 at 20.

[19] *Id.*

[20] Doc. 28 at 21.

statement of interest in defendant currency. Moreover, Rule 26(d) provides that, except in limited circumstances which do not apply here, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

Assuming without deciding that plaintiff met its "initial burden of establishing probable cause connecting the seized property with illegal drug transactions,"[21] the court now considers whether claimant has produced evidence that creates a genuine issue of material fact requiring a trial.[22] In opposition to plaintiff's motion for summary judgment, claimant Galaviz filed an affidavit disputing plaintiff's statement of facts. In his affidavit, claimant states that: 1) the $7,760.00 in currency does not represent proceeds of trafficking in controlled substances and was not intended or used in any offense against the United States; 2) he was traveling with Christina Alvarado to visit his sister in Phoenix; and, 3) the currency was seized from him on February 2, 2004, one month after he and his girlfriend received a loan from Manuela Dominguez. Claimant also states that he "does not recall stating 'the money was from his work,' however [he] may have meant that 'his work was to purchase vehicles,' thus that is what the $7,760.00 in currency would be used for."[23]

Claimant also filed a trial transcript dated June 17, 2005, in which Manuela Dominguez testified that she gave her niece "Cristina Alvarado" and her boyfriend "Eddie" $8,000 in January 2004 to buy a vehicle for her. Dominguez further testified

---

[21]*Currency, U.S. $42,500.00,* 283 F.3d at 980.

[22]*Id.*

[23]Affidavit of Ramon Martinez at 2, exh. 1, doc. 47.

that when she did not receive a vehicle or get her money back, she signed a document requesting that the money be returned to her.  Dominguez further testified that the document was in English and that her adult son explained the document to her before she signed it because she is unable to read English.

In reply to claimant's response, plaintiff attached an affidavit of Manuela Dominguez dated January 26, 2005.  It appears that the affidavit is the document to which Dominguez referred in her trial testimony.  In the affidavit, Dominguez requests the return of the funds that "were seized from Osma Galaviz on April 5, 2004, in the amount of $7,760.00."[24]  Dominguez further states that "[i]n April 2004, I loaned Osma Galaviz $8,000.00, with which to purchase a vehicle in Phoenix, Arizona;" "[p]rior to the purchase of the vehicle, Mr. Galaviz was arrested in Coconino County, Arizona;" "[t]he $7,760.00 that was seized from Mr. Galaviz is in fact the proceeds from the money that I lent him."[25]

Viewing the evidence in the light most favorable to the nonmoving party, Galaviz has demonstrated that genuine issues of material fact exist as to that the source and intended use of the defendant currency so that a fact-finder must resolve the dispute at trial.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," when ruling on a motion for summary judgment.[26]  Because Galaviz has produced evidence that

---

[24]Affidavit of Manuela Dominguez at 1, exh. 1, doc. 47 .

[25]*Id.*

[26]*Anderson*, 477 U.S. at 255.

creates a genuine issue of material fact, the court must deny plaintiff's motion for summary judgment.

## V.  CONCLUSION

For the reasons set out above, plaintiff's motion for summary judgment at docket 28 is **DENIED**.

DATED at Anchorage, Alaska, this 2nd day of November 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE